UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FREDERICK LAGARE RIDLEY,<br><br>                Plaintiff,<br><br>    v.<br><br>JASON PINA, *et al.*,<br><br>                Defendants. | Case No. C20-1549-TSZ-MLP<br><br>REPORT AND RECOMMENDATION |

## I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Frederick Ridley has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed Plaintiff's complaint, his supplemental complaint, and the balance of the record, concludes that Plaintiff has not stated a viable claim for relief in this action. This Court therefore recommends that Plaintiff's complaints and this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II.    DISCUSSION

### A.    Plaintiff's Pleadings

Plaintiff filed the instant action while he was in the custody of the King County Department of Adult and Juvenile Detention ("DAJD"). (*See* Dkt. # 6 at 2.) He has since been

REPORT AND RECOMMENDATION - 1

released from confinement. (Dkt. # 4.) Plaintiff submitted to the Court for review in this case both an original complaint and a supplemental complaint in which he identified a total of nine counts. (Dkt. ## 3, 6.) The Court summarizes each of those counts below.

Plaintiff asserted in the first count of his complaint that, in January 2020, an EHM Sentinel staff member improperly disclosed private information about Plaintiff to his probation counselor, and that Plaintiff's counselor thereafter conveyed the information to Plaintiff's attorney without his consent. (Dkt. # 6 at 6-7.) Plaintiff suggested that this disclosure somehow resulted in his incarceration, though the details are unclear. (*See id*. at 7.)

Plaintiff asserted in the second count of his complaint that King County Public Health failed to regularly monitor his glucose levels, failed to give him prescribed medication, and failed to follow through with scheduled appointments. (*Id*. at 8-9.) Plaintiff also made reference to a grievance he filed, apparently requesting that his housing unit be tested for COVID-19, and to an interaction he had with a nurse who instructed him to eat because of low blood sugar but provided him no food. (*Id*. at 9.)

Plaintiff asserted in the third count of his complaint that he had a right to know what chemical agents were in his environment while he was confined at DAJD facilities, but material safety data sheets (MSDS) were not available for inmates to view, chemical cleansing agents had minimal labeling, airborne inhalants were dispensed by uncertified individuals and in areas where food was present, and chemical agents were not properly stored. (*Id*. at 9-10.) Plaintiff claimed that he had suffered unspecified physical pain due to neurological damage resulting from poison in his environment. (*Id*. at 10.)

Plaintiff asserted in the fourth count of his complaint a general list of deficiencies pertaining to DAJD facilities including: a lack of COVID testing/monitoring; failure to properly

REPORT AND RECOMMENDATION - 2

label cleaning agents; a phone system that was not in compliance for individuals with disabilities; food being served by individuals without food handler permits; food being served below the appropriate temperature; food being served past its shelf expiration date; outdated procedures regarding health standards; permitting uncertified individuals to apply chemical/airborne inhalants classified as pesticides and labeled as corrosive; chemical agents not being properly stored or dispensed; and, no access to the MSDS for inmates or staff. (*Id*. at 11-12.) Plaintiff claimed that the DAJD put everyone in its environment at imminent risk of harm as a result of these deficiencies. (*Id*. at 12.)

Plaintiff asserted in the fifth count of his complaint that the United States Centers for Disease Control ("CDC") failed to prevent health risks inside of government institutions, in particular risks related to COVID-19. (*Id*. at 12.) Plaintiff appeared to assert in the sixth and seventh counts of his complaint that the United States Surgeon General and United States Attorney General Barr had not properly managed the COVID-19 pandemic. (*Id*. at 13.) Plaintiff appeared to assert in the eighth count of his complaint that the DAJD lacked adequate regulations to ensure that inmates were served non-expired food and that they received their medication. (*Id*. at 14.) Finally, Plaintiff asserted in the ninth count of his complaint that the failure of a plumbing sub-contractor to follow OSHA safety regulations pertaining to noise and ear protection caused its own workers, as well as King County Jail inmates and staff, to be placed at risk of suffering permanent hearing damage. (Dkt. # 3 at 2-3.)

Plaintiff identified as Defendants in his complaint Probation Counselor Jason Pina, EHM Sentinel staff member "Amy," the King County Board of Public Health (Jail Health Services), the DAJD, the CDC, the U.S. Surgeon General, U.S. Attorney General William Barr, the United

REPORT AND RECOMMENDATION - 3

States Food and Drug Administration ("FDA"), and UMC Contractors Inc. (Dkt. # 6 at 3-5; Dkt. # 3 at 3.)

Plaintiff requested relief in the form of a pardon, immunity, employment with the United States Government and the King County Jail, removal of Defendant Pina from his counseling position, reinstatement of his driver's license, and compensation equivalent to two years of the federal budget, apparently for purposes of correcting the various inadequacies in DAJD facilities and procedures as identified in his pleadings. (*Id*. at 15.)

### B.  Deficiencies in Pleadings

After reviewing Plaintiff's original and supplemental complaints, this Court concluded that there were a number of deficiencies in the pleadings that precluded the Court from ordering service of the pleadings on Defendants. Thus, on December 7, 2020, the Court issued an Order declining to serve Plaintiff's pleadings and granting him leave to file an amended complaint. (Dkt. # 7.) The Court advised Plaintiff therein that he had identified a number of improper Defendants in his complaint, including the King County Board of Public Health, the DAJD, the CDC, the FDA, the U.S. Surgeon General, the U.S. Attorney General, and UMC Contractors Inc. (*Id*. at 5-7.)

The Court went on to advise Plaintiff that his pleading was generally deficient because it did not comply with the requirements of Fed. R. Civ. P. 8(a). (*See id*. at 7.) The Court observed that Plaintiff's claims were vague and conclusory and lacked a sufficient factual basis to demonstrate any violation of Plaintiff's federal constitutional rights. (*Id*. at 7-8.) The Court went on to explain what Plaintiff would need to do to correct the deficiencies in his various claims in order to proceed. (*Id*.) Finally, the Court observed that Plaintiff had not identified in his original complaint any viable form of relief, and advised that if Plaintiff wished to proceed with this

REPORT AND RECOMMENDATION - 4

action he would need to identify some proper form of relief in relation to a viable cause of action. (*Id*. at 8.)

Plaintiff was given thirty days to file an amended complaint correcting the noted deficiencies and was advised that if he failed to timely file an amended complaint, or to correct the deficiencies identified by the Court, the Court would recommend that the action be dismissed under 28 U.S.C. § 1915(e)(2)(B). (*Id.*) To date, Plaintiff has filed no amended complaint.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff failed to state any viable claim for relief in his original pleadings, and because he has not filed an amended complaint correcting the deficiencies identified by the Court, this action must be dismissed.

### III.    CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's complaints and this action be dismissed without prejudice, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a viable claim for relief under § 1983. This Court further recommends that the dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed order accompanies this Report and Recommendation.

### IV.    OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's

REPORT AND RECOMMENDATION - 5

motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 26, 2021**.

DATED this 1st day of February, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6